IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| KING PHARMACEUTICALS, INC. and MERIDIAN MEDICAL TECHNOLOGIES, INC., | ) ) ) ) | |
| Plaintiffs and Counterclaim-Defendants, | ) ) ) | |
| v. | ) ) ) | C.A. No. 11-065 (GMS) |
| INTELLIJECT, INC., | ) ) ) | |
| Defendant and Counterclaim-Plaintiff. | ) ) | |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO
DISMISS COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiffs
King Pharmaceuticals, Inc. and
Meridian Medical Technologies, Inc.*

OF COUNSEL:

Bradford J. Badke
Sona De
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

Richard T. McCaulley, Jr.
ROPES & GRAY LLP
111 South Wacker Drive, 46th Floor
Chicago, IL 60606-4309
(312) 845-1200

March 7, 2011

# TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ..................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................. 1

SUMMARY OF ARGUMENT ............................................................................. 1

STATEMENT OF FACTS .................................................................................. 2

ARGUMENT .................................................................................................. 3

    I.    Legal Standards ................................................................................ 3

        A.    Motion to Dismiss ................................................................... 3

        B.    Motion to Strike ..................................................................... 3

    II.    Intelliject's Counterclaim 4 For Unenforceability Due to Inequitable Conduct Should Be Dismissed ................................................................ 4

        A.    Intelliject Has Not Established that the '561 Patent Is Material ................. 4

        B.    Intelliject Has Not Stated A Claim for Inequitable Conduct Based on Non-Disclosure of the '369 Patent ......................................... 8

        C.    Intelliject Has Not Adequately Pled Knowledge of Materiality or Intent to Deceive ............................................................... 10

    III.    Intelliject's Counterclaim 3 For Patent Misuse Should Be Dismissed ................. 14

    IV.    Intelliject's Third and Fourth Affirmative Defenses Should be Stricken .............. 17

CONCLUSION ............................................................................................... 17

# TABLE OF CITATIONS

**Page(s)**

**FEDERAL CASES**

*800 Adept, Inc. v. Murex Securities, Ltd.*,
    539 F.3d 1354 (Fed. Cir. 2008)................................................................14, 15, 16

*Ashcroft v. Iqbal*,
    __ U.S. ___, 129 S. Ct. 1937 (2009).................................................................3, 16

*Baxter Int'l, Inc. v. McGaw, Inc.*,
    149 F.3d 1321 (Fed. Cir. 1998)............................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007)...............................................................3, 16

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*,
    393 F.3d 1378 (Fed. Cir. 2005)............................................................................16

*CFMT, Inc. v. YieldUp Intern Corp.*,
    No. CIV. A. 95-549-LON, 1996 WL 33140642 (D. Del. Apr. 5, 1996) ...........4, 17

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009)...................................................................... passim

*Exxon Co., U.S.A. v. Sofec, Inc.*,
    517 U.S. 830 (1996)............................................................................................10

*Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*,
    350 F.3d 1327 (Fed. Cir. 2003)............................................................................10

*Fiskars, Inc. v. Hunt Mfg. Co.*,
    221 F.3d 1318 (Fed. Cir. 1991).............................................................................9

*FMC Corp. v. Manitowoc Co.*,
    835 F.2d 1411 (Fed. Cir. 1987)...................................................................4, 10, 12

*Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc.*,
    45 F.3d 1550 (Fed. Cir. 1995)..............................................................................14

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
    488 F.3d 982 (Fed. Cir. 2007)..............................................................................16

*Ilor, LLC v. Google, Inc.*,
    __ F.3d __, 2011 WL 140358 (Fed. Cir. January 11, 2011)........................14, 15, 16

*In re Seagate Technology, LLC*,
    497 F.3d 1360 (Fed. Cir. 2007)(en banc)........................................................15, 16

*Lazare Kaplan Intern, Inc. v. Photoscribe Tech., Inc.*,
  628 F.3d 1359 (Fed. Cir. 2010) ..................................................................13

*LG Elecs. U.S.A., Inc. v. WhirlPool Corp.*,
  2009 U.S. Dist. LEXIS 105245 (D. Del. Nov. 9, 2009) ......................................3, 16

*Pharmacia Corp. v. Par Pharmaceutical, Inc.*,
  417 F.3d 1369 (Fed. Cir. 2005) ....................................................................9

*Phillips v. County of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) .........................................................................3

*Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*,
  Civ. No. 08-309-JJF-LPS, 2009 WL 4928024 (D. Del. Dec. 18, 2009) ....................4

*Professional Real Estate Investors, Inc., et al. v. Columbia Pictures Ind., Inc.*,
  508 U.S. 49 (1993) ("PRE") ........................................................................14

*Ricoh Co. Ltd. v. Oki Data Corp.*,
  Civ. No. 09-694-SLR, 2010 WL 3908603 (D. Del. Sept. 30, 2010) .......................6

*Scripps Clinic Research Found. v. Genentech, Inc.*,
  927 F.2d 1565 (Fed. Cir. 1991) ..................................................................5, 8

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,
  537 F.3d 1357 (Fed. Cir. 2008) ..................................................4, 5, 8, 10, 13

*Sun Microsystems, Inc. v. Versata Enterprises, Inc.*,
  630 F. Supp.2d 395 (D. Del. 2009) ................................................................4

*Symbol Technologies, Inc. v. Aruba Networks, Inc.*,
  609 F. Supp.2d 353 (D. Del. 2009) ................................................................9

*Taltech Ltd. v. Esquel Enterprises Ltd.*,
  604 F.3d 1324 (Fed. Cir. 2010) ..................................................................13

*Technology Licensing Corp. v. Videotek, Inc.*,
  545 F.3d 1316 (Fed. Cir. 2008) ..................................................................5, 8

*Victaulic Co. v. Tieman*,
  499 F.3d 227 (3d Cir. 2007) ........................................................................3

**OTHER AUTHORITIES**

37 C.F.R. § 1.56(b) ......................................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action for patent infringement arising out of Defendant's filing of New Drug Application ("NDA") No. 201739 with the United States Food and Drug Administration ("FDA") for a competing epinephrine auto-injector drug product and certification under paragraph IV that Plaintiff Meridian's patents listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") are invalid, unenforceable or not infringed. On December 9, 2010, Plaintiffs received a letter from Intelliject stating that it had filed NDA No. 201739 and had certified to the FDA that Meridian's Orange Book Patents, U.S. Patent No. 7,794,432 (the "'432 Patent") and its parent U.S. Patent No. 7,449,012 (the "'012 Parent Patent") are invalid, unenforceable or not infringed. D.I. 11 at Ex. 7. On January 19, 2011, Plaintiffs filed this action alleging that Intelliject has infringed the '432 Patent. D.I. 1. Only the '432 patent is asserted in this case. *Id.* On February 11, 2011, Intelliject answered and asserted counterclaims against Plaintiffs. D.I. 11. Plaintiffs have move to dismiss certain counterclaims and to strike certain affirmative defenses. This is Plaintiffs Opening Brief in support of that motion.

## SUMMARY OF ARGUMENT

1.      Intelliject's fourth counterclaim alleging inequitable conduct based on non-disclosure of U.S. Patent No. 6,641,561 (the "'561 Patent") or U.S. Patent No. 6,210,369 (the "'369 Patent") should be dismissed on multiple grounds. Intelliject's allegations fail to identify the "specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). Intelliject's allegations do not plausibly show (1) that the '561 Patent is a material reference; (2) that the '369 Patent is a material undisclosed reference; or (3) that anyone with a duty to disclose had knowledge of specific information in an undisclosed reference that is

1

alleged to be material and intended to deceive the PTO by making a deliberate decision to withhold that information.

2.      Intelliject's third counterclaim alleging patent misuse based solely on Plaintiff's assertion of this action should also be dismissed.  Intelliject fails to allege any facts that plausibly establish that Plaintiffs' patent infringement suit is objectively baseless. Intelliject's allegations improperly focus on the ultimate outcome of the case and Plaintiffs' subjective conduct prior to suit instead of the objective reasonableness of the infringement claim based on the positions asserted in this lawsuit.

3.      Finally, Intelliject's third and fourth affirmative defenses of patent misuse and inequitable conduct respectively, which mirror the above counterclaims, should be stricken for the same reasons its third and fourth counterclaims should be dismissed, and because they contain nothing more than "bare bones conclusory allegations."

## STATEMENT OF FACTS

On January 19, 2011, Plaintiffs filed a Complaint alleging that Intelliject had infringed at least claims 10 and 20 of the '432 Patent.  D.I. 1.  On February 11, 2011, Intelliject filed its Answer, Affirmative Defenses, and Counterclaims.  *See* D.I. 11.  Intelliject brought counterclaims for (1) non-infringement of the '432 Patent, (2) invalidity of the '432 Patent, (3) unenforceability of the '432 Patent due to patent misuse, (4) unenforceability of the '432 Patent due to inequitable conduct, and (5) improper listing of the '432 Patent in the Orange Book. Intelliject also asserted corresponding affirmative defenses.  The remaining facts material to this motion are set forth in the Argument sections, as appropriate.

# ARGUMENT

## I.  LEGAL STANDARDS

### A.  MOTION TO DISMISS

Rule 12(b)(6) permits a party to move to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); *LG Elecs. U.S.A., Inc. v. WhirlPool Corp.*, 2009 U.S. Dist. LEXIS 105245, *3 (D. Del. Nov. 9, 2009). To survive a motion to dismiss, the claimant must raise a right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007); *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).

A claimant's "obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The claimant is required to make a 'showing' rather than a blanket assertion of entitlement to relief. *Id.* at 547 (counterclaim-plaintiff must allege "enough facts to state a claim to relief that is plausible on its face"); *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008); *LG Elecs.*, 2009 U.S. Dist. LEXIS 105245 at *4. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1950 (2009); *LG Elecs.*, 2009 U.S. Dist. LEXIS 105245 at *4. If they do not, the court should dismiss the complaint. *Id.*

### B.  MOTION TO STRIKE

Under Rule 12(f), the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). In deciding a motion to strike, the Court should not accept affirmative defenses that are mere "bare bones

conclusory allegations" and should strike inadequately plead defenses. *CFMT, Inc. v. YieldUp Intern Corp.*, No. CIV. A. 95-549-LON, 1996 WL 33140642, *1 (D. Del. Apr. 5, 1996) (citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294-95 (7th Cir. 1989)). Courts have also stricken affirmative defenses where a corresponding counterclaim is dismissed under Rule 12(b)(6). *See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, Civ. No. 08-309-JJF-LPS, 2009 WL 4928024 (D. Del. Dec. 18, 2009); *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp.2d 395 (D. Del. 2009).

## II.   INTELLIJECT'S COUNTERCLAIM 4 FOR UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT SHOULD BE DISMISSED .

Intelliject pleads two inequitable conduct claims, each of which is inadequate. First, Intelliject pleads that the inventors and prosecuting attorneys all committed inequitable conduct by failing to disclose the '561 Patent during prosecution of the '432 Patent (D.I. 11 at ¶¶ 43-78). Second, Intelliject similarly claims that the inventors and prosecuting attorneys committed inequitable conduct by failing to disclose the '369 Patent—not during prosecution of the '432 Patent—but during prosecution of the unasserted '012 Parent Patent.  (D.I. 11 at ¶¶ 79-112). Intelliject fills no less than 31 of its 50 page pleading attempting to support its inequitable conduct claims.  Despite its length, Intelliject's inequitable conduct claims are critically deficient and should be dismissed.

### A.   INTELLIJECT HAS NOT ESTABLISHED THAT THE '561 PATENT IS MATERIAL.

A claim for inequitable conduct based on an alleged non-disclosure of prior art is not established unless the accused infringer shows by clear and convincing evidence: (1) the prior art was material; (2) the patent applicant had knowledge of the materiality; and (3) the applicant failed to disclose the prior art to the PTO with intent to deceive. *FMC Corp. v. Manitowoc Co.*, 835 F.2d 1411, 1415 (Fed. Cir. 1987); *see also Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,

537 F.3d 1357, 1365 (Fed. Cir. 2008). "[I]n pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1327. The pleadings must also allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind, including (1) knowledge of the withheld material information and (2) specific intent to deceive the PTO. *Id.* Intelliject's attempt to allege inequitable conduct based on non-disclosure of the '561 Patent fails to plausibly establish the "what," "where," "how," and "why" the '561 Patent is a material reference. *Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1336-37 (Fed. Cir. 2008); *Exergen*, 575 F.3d at 1327.

Intelliject's allegations fail to plausibly establish that the '561 Patent is a material reference. To adequately plead that the '561 Patent is material, Intelliject had the obligation to plausibly establish that the '561 Patent discloses material information that is not cumulative to information already before the PTO. *Exergen*, 575 F.3d at 1330-31. "Such allegations are necessary to explain both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Id.*

As Intelliject's own allegations recognize, the '561 Patent is material only if it "is not cumulative to information already of record" in the prosecution. *See Technology Licensing Corp.*, 545 F.3d at 1336-37; *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1367 (Fed. Cir. 2008); *Scripps Clinic Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1582 (Fed. Cir. 1991). Intelliject cites PTO rule 37 C.F.R. §1.56(b), which states in pertinent part:

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application. D.I. 11 at ¶ 50.

Intelliject has not alleged that the '561 Patent discloses any claim elements that were not disclosed by the prior art of record before the PTO.[1]  For example, when it allowed the '432 Patent, the PTO issued a statement that identified how the '432 Patent claims differed from the prior art of record. Ex. 1, '432 File History-Notice of Allowability at pp. 4-5.  The PTO stated that the "prior art of record" did not disclose or render obvious the claim elements that specify a needle cover that has a first locked retracted position and second locked extended position as specified in claims 1, 10, 19, and 20, or the claim element that requires the needle cover to extend beyond the housing and have an end surface operative to contact an injection site as specified in claim 20:

> The prior art of record does not disclose or render obvious at the time the invention was made the combination of elements and specifically in claims 1 and 19 the combination of elements and arrangement of the needle cover and the housing, with the needle cover having a first locked retracted position and a second locked extended position, the needle cover extending beyond the housing in the first locked retracted position so that no surface of the housing contacts the injection site; in claims 10 and 21 the combination of elements and arrangement of the needle cover and the housing, with the needle cover having a first locked retracted position and a second locked extended position and a surface operative to contact an injection site prior to a medicament dispensing operation; and in claim 20 the combination of steps and arrangement of the needle cover extending beyond the housing and having an end surface operative to contact an injection site prior to a medicament dispensing operation. *Id.*

---

[1]    The '432 Patent prosecution history is properly considered in a Rule 12(b)(6) motion because Intelliject references the prosecution history in its pleading (*see, e.g.,* D.I. 11 at ¶¶ 54, 59, 72, 75, 96, 98) and it is a matter of public record. *See, e.g., Ricoh Co. Ltd. v. Oki Data Corp.*, Civ. No. 09-694-SLR, 2010 WL 3908603, *2 (D. Del. Sept. 30, 2010) ("In reviewing a motion to dismiss courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of pubic record.").

Intelliject's allegations include a chart comparing independent claims 1, 10, 19, 20 and 21 of the '432 Patent to the '561 Patent disclosure.  D.I. 11 at ¶ 56, pp. 19-25.  Intelliject's chart states that the '561 Patent discloses some of the '432 Patent claim elements.  But Intelliject does not allege in this chart that the '561 Patent discloses any of the "needle cover" claim elements that the PTO found not disclosed by the prior art of record.  Thus, the disclosure in the '561 Patent on which Intelliject relies is cumulative to the prior art of record.

For the "needle cover" elements, Intelliject alleges instead that "[t]he '561 Patent, *taken in combination with other references*, renders this element obvious":

| U.S. Patent No. 7,794,432 | The '561 Patent |
|---|---|
| 1. An auto-injector comprising: . . . | |
| the needle cover having a first locked retracted position and a second locked extended position, the needle cover extending beyond the housing in the first locked retracted position; . . . | **The '561 patent, taken in combination with other references, renders this element obvious under 35 U.S.C. § 103.** |
| 10.  An auto-injector comprising: . . . | |
| the needle cover having a first locked retracted position and a second locked extended position, the needle cover having a surface operative to contact an injection site prior to a medicament dispensing operation, the surface having the opening to receive the needle there through; . . . | **The '561 patent, taken in combination with other references, renders this element obvious under 35 U.S.C. § 103.** |
| 19.  An auto-injector comprising: . . . | |
| the needle cover having an opening formed therein, the needle cover having a first locked retracted position and a second locked extended position, the needle cover extending beyond the housing in the first locked retracted position; . . . | **The '561 patent, taken in combination with other references, renders this element obvious under 35 U.S.C. § 103.** |
| 20. A method of attenuating kickback in an auto-injector, the method comprising: . . . | |
| receiving a needle cover within the housing, the needle cover extending beyond the housing and having an end surface operative to contact | **The '561 patent, taken in combination with other references, renders this element** |

| U.S. Patent No. 7,794,432 | The '561 Patent |
|---|---|
| an injection site prior to a medicament dispensing operation, the needle cover operative to receive the front end of the cartridge container; and . . . | obvious under 35 U.S.C. § 103. |
| 21. An auto-injector comprising: . . . | |
| the needle cover having a first locked retracted position and a second locked extended position, the needle cover extending beyond the housing in the first locked retracted position; | **The '561 patent, taken in combination with other references, renders this element obvious under 35 U.S.C. § 103.** |
| wherein: the needle cover has a surface operative to contact an injection site prior to a medicament dispensing operation; and . . . | **The '561 patent, taken in combination with other references, renders this element obvious under 35 U.S.C. § 103.** |

D.I. 11 at ¶ 56, pp. 19-25, excerpts.

Intelliject does not identify these "other references", where in these "other references" the "needle cover" limitations are found, or any basis for combining those references with the '561 Patent. Accordingly, Intelliject's counterclaim based on inequitable conduct should be dismissed because Intelliject's allegations fail to identify where in the '561 Patent alleged material information is found (*i.e.*, the "what" and "where"), or to explain why and how the '561 Patent contains information that is "material and not cumulative of the art of record." *See Exergen*, 575 F.3d at 1330-31; *Technology Licensing Corp.*, 545 F.3d at 1336-37; *Star Scientific*, 537 F.3d at 1367; *Scripps*, 927 F.2d at 1582.

**B.     INTELLIJECT HAS NOT STATED A CLAIM FOR INEQUITABLE CONDUCT BASED ON NON-DISCLOSURE OF THE '369 PATENT.**

Intelliject's allegations also fail to establish that the '432 Patent was obtained through inequitable conduct based on non-disclosure of the '369 Patent. D.I. 11 at ¶¶ 79-112.  In fact, Intelliject's allegations affirmatively establish that the '369 Patent *was disclosed* during prosecution of the '432 Patent: "Mr. Tuma [the prosecuting attorney] cited the '369 Patent to the

U.S. Patent and Trademark Office in an Information Disclosure Statement filed on January 8, 2009 in the application that matured into the '432 Patent." D.I. 11 at ¶ 96.

Federal Circuit precedent clearly establishes that "[a]n applicant can not be guilty of inequitable conduct if the reference was cited to the examiner." *Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1327 (Fed. Cir. 1991); *Pharmacia Corp. v. Par Pharmaceutical, Inc.*, 417 F.3d 1369, 1375 (Fed. Cir. 2005); *Scripps*, 927 F.2d at 1582; *Symbol Technologies, Inc. v. Aruba Networks, Inc.*, 609 F. Supp.2d 353, 358 (D. Del. 2009). Because Intelliject's own allegations establish that the '369 Patent was disclosed during prosecution of the '432 Patent, Intelliject cannot establish that the '432 Patent was obtained by inequitable conduct based on non-disclosure of the '369 Patent. (D.I. 11 at ¶¶ 79-112).

Although Intelliject alleges that the '369 Patent was not disclosed during prosecution of the unasserted '012 Parent Patent, Plaintiffs note that it appears that the '369 Patent was before the examiner of the '012 Parent Patent. The '369 Patent appears in a Patent Linguistics Utility System (PLUS) automated search prepared for the patent examiner's review by the Scientific and Technical Information Center. *See* Ex. 2, '012 Parent Patent File History excerpts. Therefore, not only was the '369 Patent indisputably disclosed during prosecution of the '432 Patent, but the examiner was also aware of the '369 Patent during prosecution of the '012 Parent Patent.

Further, Intelliject cannot somehow negate disclosure of the '369 Patent in the '432 Patent prosecution history by erroneously alleging that the '369 Patent was not before the examiner during prosecution of the earlier, unasserted '012 Parent Patent – which it was -- and relying on the doctrine of infectious unenforceability. The Federal Circuit's "inequitable conduct cases do

not extend inequitable conduct in one patent to another patent that was not acquired through inequitable conduct." *Pharmacia*, 417 F.3d at 1375.

Because the '369 Patent was disclosed during prosecution of the '432 Patent, the '432 Patent claims have no relation to that prior art and the '432 Patent is not unenforceable based on the alleged non-disclosure of that art during prosecution of the '012 Parent Patent. *Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1332 (Fed. Cir. 1998) (holding that divisional patent is not unenforceable based on inequitable conduct committed during prosecution of parent when claims are separated from and have no relation to the omitted prior art). Even if the '369 Patent had not been before the examiner during prosecution of the '012 Parent Patent, disclosure of the '369 Patent during the '432 Patent prosecution acts as a subsequent intervening event that breaks any causal connection between non-disclosure of the '369 Patent during prosecution of the '012 Parent Patent, and the PTO's decision to issue the '432 Patent. *See Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 837 (1996).

Intelliject's own allegations establish that the '369 Patent was disclosed during prosecution of the '432 Patent, and its inequitable conduct counterclaim based on non-disclosure of the '369 Patent (D.I. 11 at ¶¶ 79-112) should be dismissed for this reason alone.

C.   INTELLIJECT HAS NOT ADEQUATELY PLED KNOWLEDGE OF MATERIALITY OR INTENT TO DECEIVE.

Intelliject cannot state a claim of inequitable conduct without showing that someone failed to disclose material prior art with knowledge of the materiality and with intent to deceive the PTO. *FMC Corp.*, 835 F.2d at 1415; *see also Star Scientific at* 1365. Pursuant to Federal Rule of Civil Procedure 9(b), Intelliject must allege knowledge of materiality and intent to deceive with particularity *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003). The allegations must identify the

"specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1327.

Intelliject has not alleged facts to plausibly establish that someone with a duty to disclose had knowledge of the specific information in an undisclosed prior art reference that is alleged to be material.  Intelliject pleads knowledge of materiality by the inventors and patent attorneys in a single paragraph based solely upon "information and belief."  D.I. 11 at ¶ 77, ¶ 101.  Such conclusory allegations fail to identify at least the specific "who," "what," and "how" required to infer that a specific individual knew that a particular reference had not been disclosed to the PTO, and that the particular undisclosed reference contained information that was material to the '432 Patent's prosecution.

For example, Intelliject does not allege facts that plausibly establish that anyone had knowledge of the materiality of the '561 Patent.  As discussed above, Intelliject does not allege that the '561 Patent discloses material information that is not cumulative of the prior art already considered by the PTO.  *See supra* at II.A.  Nor does Intelliject allege that anyone had knowledge of specific information in the '561 Patent alleged to be material.

Similarly, Intelliject does not allege facts that plausibly establish that anyone had knowledge that the '369 Patent contained material information.  As discussed above, Intelliject's allegations show that the '369 Patent *was disclosed* during prosecution of the '432 Patent.  *See supra* at II.B.  Intelliject's pleading is bereft of any factual allegations:  (1) that anyone knew during prosecution of the '012 Parent Patent that the '369 Patent was material to prosecution of the '432 Patent; (2) that the '369 Patent contains specific material information that is not cumulative of the prior art already of record before the PTO; or (3) that anyone had knowledge of specific information in the '369 Patent that is alleged to be material.  In any event, the '369

11

Patent was before the examiner during prosecution of both the unasserted '012 Parent Patent and the '432 patent-in-suit.

Without such information, Intelliject again fails to meet at least the specific "who," "what," and "how" requirements for alleging knowledge of materiality. *Exergen*, 575 F.3d at 1327, 1329-30. "[O]ne cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material information contained in that reference." *Exergen*, 575 F.3d at 1330; *FMC*, 8353 F.2d at 1415.

Intelliject's allegations of intent to deceive are similarly deficient. Like its knowledge of materiality allegations, Intelliject's allegations of intent to deceive are conclusory, contained in one paragraph, and based solely on "information and belief." D.I. 11 at ¶ 75, ¶ 106. For example, Intelliject conclusorily alleges "[u]pon information and belief, each of these individuals had knowledge of, and intentionally withheld, the '561 patent from the U.S. Patent and Trademark Office with intent to deceive the U.S. Patent and Trademark Office." D.I. 11 at ¶ 75. At most, Intelliject alleges that a prior art reference was not disclosed during prosecution of the '012 Parent Patent and that some inventors and a prosecuting attorney generally had knowledge of that prior art reference.

First, and as discussed above, Intelliject's allegations are deficient because they do not plausibly suggest any deliberate decision to withhold a known material reference. *Exergen*, 575 F.3d at 1331. As in *Exergen*, Intelliject has not alleged facts that show a particular individual had knowledge of specific information that is alleged to be material, and that this individual then decided to deliberately withhold it from the PTO.

Second, Intelliject's allegations of intent to deceive are deficient because Intelliject does not allege facts from which it can be inferred that the single most reasonable inference is that

anyone intended to deceive the PTO by not disclosing material prior art.  To establish intent to deceive, the facts must show that intent to deceive is the "single most reasonable inference," that can be drawn, including any objective indicators of candor and good faith.  *Star Scientific,* 537 F.3d at 1365; *Exergen,* 575 F.3d at 1328 n. 5; *Lazare Kaplan Intern, Inc. v. Photoscribe Tech., Inc.,* 628 F.3d 1359, 1381 (Fed. Cir. 2010).  In other words, intent to deceive is not legally established when a conclusion that someone did not intend to deceive is as plausible as a conclusion that the person intended to deceive.  *Taltech Ltd. v. Esquel Enterprises Ltd.,* 604 F.3d 1324, 1336 (Fed. Cir. 2010) (citing *Scanner Techs. Corp. v. ICOS Vision Sys. Corp.,* 528 F.3d 1365, 1376 (Fed. Cir. 2008) ("[T]he district court erred when it adopted an unfavorable inference . . . over an equally reasonable favorable inference.")).  Even if a non-disclosed prior art reference contained material information, an inference that any of the individuals acted innocently and without any intent to deceive is at least equally plausible as any inference of intent to deceive.

Moreover, Intelliject's allegations include objective indicators of candor and good faith that make unreasonable any inference of intent to deceive.  For example, Intelliject relies on other unnamed prior art references instead of the '561 Patent for the needle cover claim elements that the PTO found not disclosed by the prior art of record.  D.I. 11 at ¶ 56, pp. 19-25; *see supra* at II.A.  The fact that Intelliject does not even allege that the '561 Patent discloses the claim elements that the PTO found missing from the prior art of record provides an objective, good faith explanation reason why that reference would not have been disclosed.  *Id.*  Similarly, Intelliject admits that the '369 Patent was disclosed during prosecution of the '432 Patent.  The fact that the '369 Patent was disclosed during prosecution of the '432 Patent provides a good faith explanation.  In view of Intelliject's allegations, which objectively show good faith and candor,

13

any inference of intent to deceive is implausible, much less the single most reasonable inference that could be drawn.

Accordingly, Intelliject's allegations of inequitable conduct should be dismissed for failing to allege facts that plausibly establish knowledge of materiality or intent to deceive. Instead, Intelliject's allegations are nothing more than "unsupported conclusions and unwarranted inferences" and as such, they should be dismissed by the Court. *Schuykill*, 113 F.3d at 417.

### III. INTELLIJECT'S COUNTERCLAIM 3 FOR PATENT MISUSE SHOULD BE DISMISSED.

Defendants' claim for patent misuse is based entirely on Plaintiffs' act of filing this lawsuit, which Defendants characterize as an attempt to "broaden the physical scope of the patent grant" because, in Defendants' opinion, its product does not infringe the '432 Patent. D.I. at ¶¶ 34-42. Plaintiffs have a fundamental right to petition the Courts for redress under the First Amendment to the United States Constitution. *Professional Real Estate Investors, Inc., et al. v. Columbia Pictures Ind., Inc.*, 508 U.S. 49 (1993) ("PRE"). Because of this right, the bringing of a lawsuit to enforce legal rights is constitutionally protected unless: (1) the lawsuit [is] objectively baseless in the sense that no reasonable litigant could reasonably expect success on the merits; and (2) the party bringing the allegedly baseless suit did so with a subjective motivation to interfere directly with the business relationships of a competitor. *Id.* at 60-61.

The requirement for showing that a claim is "objectively baseless" extends equally to a patent lawsuit. *Ilor, LLC v. Google, Inc.*, __ F.3d __, 2011 WL 140358 at *4 (Fed. Cir. January 11, 2011) (reversing conclusion that case was exceptional under § 285 based on allegation that plaintiff improperly asserted claims of patent infringement); *Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc.*, 45 F.3d 1550, 1558-59 (Fed. Cir. 1995) (affirming dismissal of patent misuse claim); *800 Adept, Inc. v. Murex Securities, Ltd.*, 539 F.3d 1354, (Fed.

Cir. 2008) (reversing finding that patent owner engaged in tortious interference by asserting patent infringement). "[A] party attempting to prove bad faith on the part of a patentee enforcing its patent rights has a heavy burden to carry." *800 Adept*, 539 F.3d at 1370.

Intelliject has alleged no facts to plausibly establish that Plaintiffs' patent infringement suit is objectively baseless. The objective baselessness standard for claims based on a patent owner's attempt to enforce its patent rights "is identical to the objective recklessness standard for enhanced damages and attorneys' fees" for willful infringement under *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007)(en banc). *Ilor*, __ F.3d __, 2011 WL 140358 at *4. Under this standard, Intelliject's pleadings must establish that Plaintiffs' infringement allegations were objectively frivolous and Plaintiffs had no reasonable basis to believe that the '432 Patent was infringed. *Ilor*, __ F.3d __, 2011 WL 140358 at *7 (infringement assertions not objectively baseless where claim construction that would have resulted in infringement was not frivolous); *800 Adept*, 539 F.3d at 1370 (To prove that Targus' claims were objectively baseless, "Adept was required to offer clear and convincing evidence that Targus had no reasonable basis to believe that its patent claims were valid or that they were infringed"). As the Federal Circuit held in *Ilor*, a patent infringement assertion is not objectively baseless where a claim construction that results in infringement can reasonably be argued from the objective evidence, including the claim language, patent specification and prosecution history. *Id*.

Intelliject alleges only its subjective (and unsurprising) view that its device "lacks several of the limitations of the claims of the '432 Patent" and that "this is such a clear case of non-infringement." D.I. at ¶¶ 36, 38. These self-serving allegations are insufficient to show that the Plaintiffs' infringement claims are objectively baseless because they simply reflect what Intelliject hopes will be the ultimate outcome of the case, but say nothing about whether

infringement may be reasonably disputed during litigation.  As the Federal Circuit has recognized, even if an action is ultimately unsuccessful, it does not mean that the "action must have been unreasonable or without foundation" at the time of filing.  *800 Adept*, 539 F.3d at 1371 (citing *PRE*, 508 U.S. at 60, n.5); *Ilor*, __ F.3d __, 2011 WL 140358 at *8 ("Though ILOR was ultimately unsuccessful in its patent infringement suit, Google has not met its high burden to show by clear and convincing evidence that this suit was brought frivolously or that ILOR's position on claim construction was objectively baseless"); *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1384 (Fed. Cir. 2005) ("Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith.").

Intelliject's allegation that "Plaintiffs would have concluded that Intelliject's device" did not infringe is also insufficient.  D.I. 11 at ¶ 37.  The Federal Circuit has made clear that a plaintiff's subjective state of mind at the time the action is commenced is "irrelevant to the objective baselessness inquiry" and that "the existence of objective baselessness is to be determined based on the record ultimately made during the proceedings." *Ilor*, __ F.3d __, 2011 WL 140358 at *5; *Brooks Furniture*, 393 F.3d at 1382; *Seagate*, 497 F.3d at 1371; *see also Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 1000 (Fed. Cir. 2007) (citing *PRE*, 508 U.S. at 57).  Intelliject cannot plausibly establish that Plaintiffs' infringement lawsuit was objectively baseless through any allegations about Plaintiffs' conduct before the lawsuit was filed.

Intelliject's allegations are also too conclusory to establish objective baselessness under *Twombly* and *Iqbal*.  *See, e.g., LG Elecs.*, 2009 U.S. Dist. LEXIS 105245 at *3-5.  Critical facts necessary to permit an inference that the infringement allegations are objectively baseless are

entirely absent.  For example, there are no allegations to plausibly establish that the '432 Patent's claims cannot be reasonably construed in a manner that results in infringement.  Nor are there any factual allegations that identify how the claim language, specification and prosecution history preclude a claim construction that encompasses Intelliject's product.

Accordingly, Intelliject's counterclaim for patent misuse should be dismissed because Intelliject has failed to allege facts that plausibly establish that Plaintiffs patent infringement suit is "objectively baseless."

## IV.  INTELLIJECT'S THIRD AND FOURTH AFFIRMATIVE DEFENSES SHOULD BE STRICKEN.

Intelliject's Third and Fourth Affirmative Defenses correspond to Counterclaims 3 and 4. D.I. 11, *compare* pp. 8-9 *to* ¶¶ 31-112.  These affirmative defenses should be stricken because they are nothing more than the same "bare bones conclusory allegations" that constitute Intelliject's counterclaims.  *CFMT,* 1996 WL 33140642 at *1.  These defenses should also be stricken because the corresponding mirror counterclaim is subject to dismissal under Rule 12(b)(6).  *Procter*, 697 F. Supp. at 1362; *CFMT, Inc.*, 1996 WL 33140642 at *1.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court dismiss the third and fourth counterclaims of Intelliject and strike its third and fourth affirmative defenses.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiffs*
*King Pharmaceuticals, Inc. and*
*Meridian Medical Technologies, Inc.*

OF COUNSEL:

Bradford J. Badke
Sona De
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9000

Richard T. McCaulley, Jr.
ROPES & GRAY LLP
111 South Wacker Drive, 46th Floor
Chicago, IL  60606-4309
(312) 845-1200

March 7, 2011
4126678

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 7, 2011, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Margaret F. England, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC

I further certify that I caused copies of the foregoing document to be served on

March 7, 2011, upon the following in the manner indicated:

Margaret F. England, Esquire                    *VIA ELECTRONIC MAIL*
ECKERT SEAMANS CHERIN & MELLOTT, LLC
300 Delaware Avenue
Suite 1210
Wilmington, DE  19801

Bridget E. Montgomery, Esquire                  *VIA ELECTRONIC MAIL*
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street
8th Floor
Harrisburg, PA  17101-2132

James M. McCarthy, Esquire                      *VIA ELECTRONIC MAIL*
Anthoula Pomrening, Esquire
Pual H. Berghoff, Esquire
Eric R. Moran, Esquire
Sydney R. Kokjohn, Esquire
MCDONNELL BOEHNEN HULBERT
   & BERGHOFF LLP
300 South Wacker Drive
Chicago, IL  60606

Thomas J. Meloro, Esquire                       *VIA ELECTRONIC MAIL*
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY  10019-6099

_____
Jack B. Blumenfeld (#1014)