```
 1              IN THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                          - - -

 4   KING PHARMACEUTICALS, INC.        )    Civil Action
     and MERIDIAN MEDICAL              )
 5   TECHNOLOGIES, INC.,               )
                                       )
 6              Plaintiffs,            )
                                       )
 7        v.                           )
                                       )
 8   TEVA PARENTERAL MEDICINES, INC.,  )
     and TEVA PHARMACEUTICALS USA, INC.,)
 9                                     )
                Defendants.            )    No. 09-652-GMS
10
                                - - -
11
     KING PHARMACEUTICALS, INC.        )    Civil Action
12   and MERIDIAN MEDICAL              )
     TECHNOLOGIES, INC.,               )
13                                     )
                Plaintiffs and         )
14              Counterclaim-Defendants,)
                                       )
15        v.                           )
                                       )
16   INTELLIJECT INC.,                 )
                                       )
17              Defendant and          )
                Counterclaim-Plaintiff.)    No. 11-065-GMS
18
                                - - -
19
                        Wilmington, Delaware
20                    Thursday, March 3rd, 2011
                             10:00 a.m.
21                      Telephone Conference

22                              - - -

23   BEFORE:  HONORABLE GREGORY M. SLEET, Chief Judge

24

25
```

```
 1   APPEARANCES:

 2           STEVEN J. BALICK, ESQ.
             Ashby & Geddes
 3                   -and-
             MICHAEL N. KENNEDY, ESQ.
 4           Covington & Burling LLP
             (Washington, D.C.)
 5                       -and-
             BRADFORD J. BADKE, ESQ.,
 6           RICHARD T. McCAULEY, JR., ESQ., and
             SONA DE, ESQ.
 7           Ropes & Gray LLP
             (New York, NY)
 8
                                 Counsel for Plaintiffs in
 9                               09-652-GMS

10           JOHN C. PHILLIPS, JR., ESQ.
             Phillips, Goldman & Spence
11                   -and-
             IMRON ALY, ESQ.
12           Winston & Strawn
             (Chicago, IL)
13
                                 Counsel for Defendants in
14                               09-652-GMS

15           RICHARD K. HERRMANN, ESQ.
             Morris James LLP
16                       -and-
             MICHAEL STENGLEIN, ESQ., and
17           JEFFREY D. MILLS, ESQ.
             King & Spalding
18           (Austin, TX)

19                               Counsel for Plaintiffs in
                                 11-065-GMS
20
             MARGARET F. ENGLAND, ESQ.
21           Eckert Seamans Cherin & Mellott, LLC
                         -and-
22           PAUL H. BERGHOFF, ESQ.,
             BRIDGET E. MONTGOMERY, ESQ., and
23           JAMES M. McCARTHY, ESQ.
             McDonnell, Boehnen, Hulbert & Bergoff LLP
24           (Chicago, IL)

25                               Counsel for Defendant in
                                 11-065-GMS
```

1    **THE COURT: Good morning. Counsel, let's start**
2    **out with a round of introductions from the plaintiff first.**
3    **MR. BALICK: Your Honor, Steven Balick from**
4    **Ashby & Geddes for the plaintiffs in the older of the two**
5    **cases, Civil Action 09-652-GMS.**
6    **And we have two firms on the phone this morning**
7    **for the plaintiffs in this case. Covington & Burling, who**
8    **have been in the case from the beginning, and Michael**
9    **Kennedy is on the line from Covington & Burling. Your**
10   **Honor, the reason for the second firm is Pfizer has just**
11   **completed its acquisition of King Pharmaceuticals. And**
12   **Ropes & Gray will now be taking over the representation of**
13   **the plaintiffs. On the phone from Ropes & Gray are Bradford**
14   **Badke, Richard McCauley, and Sona De, all of whom were**
15   **admitted by Your Honor yesterday.**
16   **THE COURT: Okay.**
17   **MR. BALICK: With the Court's permission, I**
18   **believe Mr. McCauley will be speaking.**
19   **THE COURT: They are appearing in the 09-652**
20   **case, is that correct, Mr. Balick?**
21   **MR. BALICK: Yes, Your Honor. And I believe**
22   **they will be in the other case as well.**
23   **THE COURT: In the 11-065 case?**
24   **MR. BALICK: That is my understanding, yes.**
25   **THE COURT: Let's get introductions from the**

```
 1  other side.
 2          Good morning.
 3          MR. HERRMANN: Good morning, Your Honor. We are
 4  representing King in the 11-065 case. With me for King in
 5  that case, Your Honor, I would like to introduce Michael
 6  Stenglein and Jeffrey Mills from King & Spalding. And, as
 7  Mr. Balick has already indicated, the Ropes & Gray folks
 8  will be representing King in that case as well, Your Honor.
 9          THE COURT: All right. Good morning.
10          And for the defendants?
11          MR. PHILLIPS: Your Honor, this is Jack Phillips
12  of Phillips, Goldman & Spence. With me on the phone is
13  Imron Ali of Winston & Strawn in Chicago. We represent
14  defendant Teva in the first case, Your Honor.
15          THE COURT: Good morning.
16          MR. PHILLIPS: Good morning.
17          MS. ENGLAND: Sir, this is Margaret England with
18  Eckert Seamans. On the phone we have my colleague Bridget
19  Montgomery, and both Jim McCarthy and Paul Berghoff from
20  McDonnell, Boehnen, Hulbert & Berghoff, for Intelliject.
21          THE COURT: Good morning.
22          All right. Is that everyone? Okay.
23          Here is where we are, counsel.
24          I am in receipt, and am responding with apology,
25  belatedly, to a round of letter-writing, beginning with Mr.
```

1    Herrmann's letter of January 21, a February 10 response from
2    Ms. England, and February 15th reply from Mr. Herrmann, and
3    also, gladly and fortunately, being needled along -- I don't
4    mean that -- tickled by my good friend and colleague up in
5    the Eastern District of Pennsylvania, The Honorable Berle
6    Schiller.  So he and I talked the other day.  We have
7    resolved that the decision that I make will be the decision
8    on the relatedness issue.
9               It seems that we are here because -- this is my
10   view, only from looking at the cover sheets on the docket.
11   I could be wrong about that.  But the cover sheets I have in
12   my hand, the civil cover sheets in the 09-652 case and the
13   11-065 case, the 11-065 case, VIII, Related Cases, If Any,
14   is blank.  Now, that is interesting to note, because when
15   you call up the cases on CM/ECF, they cross-reference one
16   another.  In other words, if you call up the 652 case, you
17   will see highlighted in the upper left-hand corner on the
18   computer screen, and you can click on the 11-065 case and be
19   directed to that.
20              So somebody thought that they were related, I am
21   not sure who.  But I have looked a little beyond the cover
22   sheet and a little beyond ECF and your letters, and looked
23   at the complaints, noting that one clearly is in the classic
24   sense an ANDA case, that is, the first case, the 09-652
25   case.  The second, there is a New Drug Application that has

```
 1    been filed pursuant to the relevant statute with regard to
 2    that device.  Nonetheless, both defendants, or all
 3    defendants have filed a relevant Paragraph 4 notification.
 4               This, it seems to me -- my first question to
 5    everyone is, are these ANDA matters?  Are these matters that
 6    will be handled in a nonjury context pursuant to
 7    Hatch-Waxman?
 8               I will let plaintiff go first.
 9               MR. HERRMANN:  Your Honor, I assume Mr. McCauley
10    will want to speak.
11               THE COURT:  Whoever wants to speak for plaintiff
12    should do so now.
13               MR. McCAULEY:  Your Honor, Rick McCauley.  Thank
14    you.
15               It is my understanding that both of these will
16    be handled in a nonjury context, as you would typically
17    think of an ANDA case.  I have only been in the case for 24
18    to 48 hours.  But that is my understanding, yes.
19               THE COURT:  Let me ask a question.  Maybe
20    Delaware counsel, Mr. Herrmann and/or Mr. Balick can help me
21    with this.  What happened when the second case got filed?
22    It seems to me there was an administrative snafu.  I am not
23    assigning blame.  It could be on the Court's end.  It could
24    be on counsel's end.  What happened?  Was it the view at the
25    time of the 11-065 filing that that was not related?  Was
```

```
 1    that the plaintiffs' view?
 2              MR. HERRMANN:  Your Honor, the snafu was at
 3    Morris James.  When we prepared the case to be filed, Your
 4    Honor, I was clearly aware that the civil information sheet
 5    should have had this identified as a related case.  It was
 6    not.  Then two days later we talked to the Clerk's Office
 7    and tried to rectify it in our letter to the Court,
 8    indicating that it was, indeed, a related case.
 9              If there is a snafu, Your Honor, it started at
10    Morris James.
11              THE COURT:  We will assign an appropriate fine
12    for you, Mr. Herrmann.
13              I am kidding.
14              Do I understand correctly that in both cases
15    there is a common patent, and that is the, I will call it
16    the '012 patent, and the second case adds to that the '432
17    patent?  Is that correct?
18              UNIDENTIFIED SPEAKER:  I believe it's the '432
19    patent that is common to both cases, Your Honor.
20              THE COURT:  All right.
21              I am looking at the complaints.  In 09-652 you
22    see U.S. patent 7,449,012, then something B2.
23              UNIDENTIFIED SPEAKER:  I believe the patent was
24    added to that case in November of last year.
25              THE COURT:  In both cases we have both patents
```

1   at issue?
2               UNIDENTIFIED SPEAKER:  I believe the '012 patent
3   is not at issue in the 065 case, Your Honor.
4               THE COURT:  Let me take a closer look at that.
5               You are not asserting claims from that patent.
6   Is that what you are telling me?
7               UNIDENTIFIED SPEAKER:  That is my understanding,
8   Your Honor.
9               THE COURT:  It is mentioned I guess by way of
10  perhaps background in one of the paragraphs, Paragraph 5.
11              MR. STENGLEIN:  Your Honor, for King.  '012 is
12  mentioned for background in the 11-065 case.  But we are
13  only asserting the '432 patent in the 11-065 case.
14              THE COURT:  Good enough.
15              I am, frankly, counsel, not interested in having
16  a long, drawn-out discussion about whether these matters are
17  related.  As far as I am concerned, they are related, just
18  from reading the complaints and the other background I have
19  given you.
20              Is there anybody on the other side who wants to
21  try to persuade me otherwise?
22              MR. BERGHOFF:  Your Honor, for Intelliject, our
23  primary concern is not on relatedness per se but if the
24  cases should be consolidated and for what purpose.  My
25  client is a small startup.  This product will be our first

product out the door.  So we are clearly interested in as rapid a resolution of the noninfringement issue as possible.  We believe noninfringement is very clear in our case.  So consolidation, if we are not slowed down getting to that resolution with the first-filed case, it's fine.  And perhaps if the trial date that Your Honor has set in the 652 case, February 16, were to apply to the second case as well...

        THE COURT:  Let me help you out, counsel.  I see at this point no need -- and I am willing to hear from counsel on this -- to change any of the dates but simply to catch you up.  I don't see a need to change the Markman date, the briefing date or anything.  It seems to be there is no reason this case can't tack along quite nicely, especially given your stated interest in speedy resolution.

        MR. BERGHOFF:  I would agree with that then, Your Honor.

        THE COURT:  Plaintiff.

        UNIDENTIFIED SPEAKER:  Your Honor, I am relatively new to the case.  We certainly will look at that.  I don't see any reason at this point that we can't do that.

        THE COURT:  Anybody else want to weigh in on this?

        Here is what I will do orally.  I will impose on the -- have you had a Rule 26(f) conference in the 065 case?

1           **UNIDENTIFIED SPEAKER: No, we have not, Your**
2  **Honor.**
3           **THE COURT: We will save your client some money.**
4  **We will impose the schedule from the 652 case on the 065**
5  **case. To the extent that after reviewing, after new counsel**
6  **have gotten a chance to digest what is going on here in**
7  **rather rapid-fire pace, and wants to further confer with the**
8  **other side, I invite you to do that. And that would be for**
9  **the purpose of seeking agreement on any amendments to the**
10 **schedule that you might feel may be appropriate, hoping that**
11 **the parties could agree, and then bring that to my attention**
12 **in the form of a stipulation for my consideration should it**
13 **be necessary. Otherwise, I see no need to have a Rule 16**
14 **conference on the 11-065 case or to do anything other than**
15 **impose the case management order from the earlier case.**
16           **Anyone disagree with that or see a better way to**
17 **proceed?**
18           **(No response.)**
19           **UNIDENTIFIED SPEAKER: Your Honor, I guess it's**
20 **clear from your ruling, but just to be clear, you will be**
21 **taking the case over, the '065 case?**
22           **THE COURT: That's what I have been trying to**
23 **say, counsel.**
24           **So the response to my question seems to be**
25 **silence. So then the process that I will impose is as I**

1 have already stated.  Should new counsel feel a need to have
2 further meet and confer, go ahead and do that.  To the
3 extent you are unable to agree, bring it to my attention.
4 Otherwise, we will see you along the way.
5          (Counsel respond "Thank you, Your Honor.")
6                          - - -
7 Reporter:  Kevin Maurer